## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JANE BREWER,

       Plaintiff,

v.                                      Case No. 16-13133

SCHINDLER ELEVATOR CORPORATION,

       Defendant

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff Jane Brewer brought this action in state court against Defendant Schindler Elevator Corporation on August 1, 2016. (Dkt. # 2, Pg. ID 15.) Plaintiff alleges that she was injured when the elevator she was riding malfunctioned: descending, rising, and descending again before stopping and trapping her for ninety minutes. (Dkt. # 1, Pg. ID 6.) Plaintiff did not allege a specific amount in controversy, but requested damages exceeding $25,000 (*Id.*) In Michigan, plaintiffs do not need to specify an amount in controversy unless they seek $25,000 or less. Mich. Ct. R. 2.111(B)(2) . Defendant filed notice of removal in this court on August 29, 2016, claiming diversity jurisdiction. (Dkt. # 1, Pg. ID 1); *see* 28 U.S.C. § 1332.

Before the court is Plaintiff's Motion to Remand on the grounds that Defendant failed to establish that the amount in controversy exceeded $75,000. With the motion, Plaintiff offered to stipulate that: "She will not be making a claim nor pursuing damages in an amount equal to or exceeding the sum of $75,000." (Dkt. # 9, Pg. ID 32.) Defendant relied on damages asserted in the complaint and a series of pre-removal

settlement negotiations valuing the claim at $85,000. (Dkt. # 2, Pg. ID 5–8.) The matter

is fully briefed and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons

stated below, the court will deny Plaintiff's motion

## I.   STANDARD

Defendants in a civil action filed in state court may remove the action to federal

court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441. The federal

court has diversity jurisdiction when the action is between citizens of different states and

the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Generally, the

sum claimed by the plaintiff, if made in good faith, is the amount in controversy. *See St.*

*Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). However, where a

plaintiff claims an unspecified amount in damages, the defendant seeking removal has

the burden to prove that the amount in controversy more likely than not exceeds

$75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing

*Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) abrogated on other

grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). When considering the amount in

controversy, courts examine the claims at the time of removal. *Rogers v. Wal-Mart*

*Stores Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Events that occur after removal that

reduce the amount in controversy do not deprive a court of jurisdiction. *Id.* at 872.

## II.   DISCUSSION

Plaintiff makes two arguments for remand: that an unequivocal limitation of

damages below the jurisdictional limit generally requires remand and that Defendant

failed to meet its burden to prove the jurisdictional amount by a preponderance of the

evidence. (Dkt. # 9-2, Pg. ID 41.)

Plaintiff argues that her post-removal stipulation is an unequivocal limitation of damages that requires remand. (Dkt. # 9-2, Pg. ID 42.) Generally, a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not destroy diversity jurisdiction because the "determination of federal jurisdiction in a diversity case is made at the time of removal." *Rogers*, 230 F.3d at 872. However, the Sixth Circuit has recognized, in an unpublished opinion, a situation where a post-removal stipulation could require a court to remand. In *Shupe v. Asplundh Tree Expert Co*, the court held that a plaintiff may stipulate to a claim less than $75,000 when the stipulation unequivocally limits damages and provides the first specific information about the amount in controversy. 566 Fed. Appx. 476, 482 (6th Cir. 2014). In such circumstances, the stipulation works to clarify, rather than reduce, the amount in controversy. *Id. Shupe* does not apply here because Plaintiff's stipulation is not the first instance where Plaintiff provided information regarding the amount in controversy—as discussed below, Plaintiff valued her claim over the jurisdictional amount during a series of settlement negotiations before the suit. The court finds no reason here to diverge from the rule expressed in *Rogers*. Plaintiff's post-removal stipulation does not require remand.

Plaintiff, relying on *May v. Wal-Mart Stores, Inc.*, argues that settlement negotiations alone cannot establish the amount in controversy. *See* 751 F. Supp. 2d 946, 949 (E.D. Ky., Nov. 17, 2010). In *May*, the defendant relied exclusively on the plaintiff's settlement demand as evidence of the amount in controversy. *May*, 751 F. Supp. 2d at 949. The court found that the settlement demand alone was insufficient to establish the amount in controversy; however, the settlement demand was some

3

evidence of the amount in controversy. *Id.* This district has permitted the use of an email containing settlement demands as relevant evidence to establish the amount in controversy. *See, e.g., Santos-Tiller v. Krispy Kreme Doughnut Corp.*, 2016 WL 4445329 (E.D. Mich., Aug. 24, 2016) (Cleland, J.).  Likewise, several circuits have held that a plaintiff's settlement offer is relevant evidence of the amount in controversy. *See, e.g.*, *McPhail* 529 F.3d at 956 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). Unlike the defendant in *May*, Defendant did not solely rely on a settlement demand, but on a combination of settlement negotiations, additional expenses, and the allegations in the complaint to value the claim over $75,000.

Defendant relies on a series of pre-suit settlement negotiations that occurred over a 21-month period where Plaintiff valued the claim at $85,000. (Dkt. # 2, Pg. ID 16; Dkt. # 7, Pg. ID 28; Dkt. # 10, Pg. ID 52–54.) Defendant provided reports obtained before the suit detailing Plaintiff's injuries. Plaintiff suffered from back pain with radiculopathy, likely from disc protrusions at her L1-L2 and L5-S1 vertebrae. (Dkt. # 10, Pg. ID 58.) The report also described Plaintiff's treatment for the injuries. (*Id.* at 57–59). Beyond the settlement negotiations, Defendant relies on a workers compensation lien of $11,000, lost wages worth approximately $5,000, and additional lost wages and workers compensation for unpaid chiropractic treatments totaling $6,600. (Dkt. # 10, Pg. ID 53.) Defendant also produced physical therapy bills totaling $7,100, which all combined totals $29,700 in economic damages. (*Id.* at 67.)

Defendant also points to the allegations in the complaint. A defendant may rely on an estimate of potential damages from the allegations within the complaint. *McPhail*,

529 F.3d at 955–56. The court may determine the amount in controversy based on the face of the complaint even though the complaint did not specify the numerical value of the damages. *Id.* at 955–56 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Plaintiff here alleges injuries to her back, legs, foot, "and related and resultant injuries." (Dkt. # 2, Pg. ID 7.) These injuries led Plaintiff to suffer from back pain with radiculopathy, sleep deprivation, and anxiety. (Dkt. # 10, Pg. ID 58.) Plaintiff in her complaint seeks relief for several different kinds of damages such as physical pain and suffering, disability and disfigurement, mental anguish, fright and shock, denial of social pleasures and enjoyment of the usual activities of life, as well as "embarrassment, humiliation, and mortification." (*Id.*) She seeks past and future medical expenses, and loss of earnings and earning capacities. (*Id.*)

This district has previously found that requests for similar relief indicated that the amount in controversy more likely than not exceeded $75,000. In *Bass v. IKEA U.S. E. LLC,* the plaintiff listed a broken nose and other physical injuries to plaintiff's face, head, left hand, right knee, and back. 2016 WL 2342321, at *2 (E.D. Mich. May 4, 2016) (Drain, J.). The plaintiff in *Bass* also requested relief for pain and suffering, mental anguish, and continued medical care. *Id.* The court determined that these damages indicated that the amount in controversy more likely than not exceeded $75,000. *Id.*

Similarly, the plaintiff in *Barber v. Zurich American Ins. Co.* alleged injuries to the plaintiff's lower back, neck, legs, left arm, headaches, and depression as well as loss of wages, reasonable and necessary expenses for care, recovery, or rehabilitation. 2015 WL 93530, at *2 (E.D. Mich. Jan. 7, 2015) (Zatkoff, J.). The court determined that these injuries, "combined with an open-ended request for an unspecified amount of damages,"

5

made it more likely than not that the amount in controversy exceeded $75,000. *Id.*

(internal quotation marks omitted).

The court is satisfied that the pre-suit and pre-removal settlement negotiations,

Plaintiff's past medical expenses, and the allegations in the complaint show that the

amount in controversy more likely than not exceeded $75,000 at the time of removal,

and Plaintiff's post-removal stipulation does not require remand.[1]

### III. CONCLUSION

IT IS ORDERED that Plaintiff's Motion to Remand (Dkt. # 9) is DENIED.

s/Robert H. Cleland                        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 21, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, February 21, 2017, by electronic and/or ordinary mail.

s/Shawna C. Burns                        /
Case Manager Generalist
(810) 984-2056

S:\Cleland\TLH\Civil\16-13133.BREWER.deny.remand.iJP.TLH.docx

---

[1] Plaintiff did not file a signed statement of damages indicating the amount for each
category as required by Local Rule 81. However, neither party raised the issue and the
court needs not address it.